HOFFMAN-LA ROCHE, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 65841—Decided March 27, 1968.)

*Messrs. Knepper, White, Richards & Miller, Mr. Milton S. Bartholomew, Mr. Donald A. Davies* and *Mr. Eli Lawrence,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon Ziegler,* for appellee.

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of August 28, 1967, from a final order of the Tax Commissioner dated July 31, 1967, wherein that official, in passing upon a petition for reassessment filed with him by the above named appellant, found that appellant's objections were without merit and denied said objec-

tions to the assessment, but conditionally remitted the statutory penalty thereon subject to certain conditions of payment as set forth fully in said final order.

The audit period involved was January 1, 1963, to December 31, 1966.

The body of the final order of the Tax Commissioner from which said appeal is taken, reads as follows:

"The Tax Commissioner came to consider the above styled matter at a hearing scheduled thereon at Cleveland, Ohio, on July 18, 1967. Paul E. Jones, Jr., Tax Mgr., appeared at said hearing.

"Now, being fully advised thereon, the commissioner finds:

"Notice of assessment was served on the assessee by certified mail on April 20, 1967.

"Assessee's objections to the tax as assessed, as set forth in its petition for reassessment are without merit and are denied.

"Objection as set forth on page 1 is denied as assessee is the consumer of the sample drugs and/or the same are not dispensed by a registered pharmacist. *The Miller Brewing Co.* v. *(sic) Schneider, Board of Tax Appeals*, Case No. 52020, cited by assessee is not dispositive of the case at hand.

"Objection as set forth on page 2 is therefore denied since assessee is doing business in Ohio through wholesalers and also at times with consumers such as a manufacturing plant, who buy supplies for their first aid room.

"The penalty should be conditionally remitted as noted.

"Therefore, it is the order of the Tax Commissioner that if payment of

|  | "Assessment | Penalty | Total |
|---|---|---|---|
| (Use) | $29,499.32 | Canceled | $29,499.32 |

is made within thirty (30) days from date of receipt by the taxpayer of this journal entry showing final determination, the assessment shall stand as adjusted in the above amount.

In the event this matter is appealed to the Board of Tax Appeals; to an appropriate Court of Appeals; or to the Supreme Court, said thirty (30) day period shall being to run from the date the entry of the Board of Tax Appeals is filed or the decision of an appropriate Appeals Court or the Supreme Court is rendered.

"If the total amount is not paid as above provided, the assessment shall stand as issued in the following amount:

|  | "Assessment | Penalty | Total |
|---|---|---|---|
| (Use) | $29,499.32 | $4,424.90 | $33,924.22" |

In its notice of appeal, appellant claims four errors which portion of said notice of appeal reads as follows:

"Such determinations, findings and order are erroneous in the following respects:

"1. In finding that appellant is the consumer of the sample drugs and other tangible property in Ohio, and/or that such are not dispensed by a registered pharmacist.

"2. In determining that the rule of law set forth in *Miller Brewing Co.* v. *Schneider*, Board of Tax Appeals, Case No. 52020 is not dispositive of the case at hand.

"3. In finding that appellant has incurred Ohio Use Tax because it does business in Ohio.

"4. In finding that there was no error in the assessment under review and in affirming such assessment."

The matter was submitted to the Board of Tax Appeals upon the notice of appeal, the statutory transcript supplied by the Tax Commissioner, the stipulations of fact submitted by the parties, the testimony and evidence presented to the Board of Tax Appeals at a hearing in Columbus, Ohio, on October 19, 1967, and the briefs supplied by counsel.

On October 16, 1967, the parties hereto presented a stipulation to the Board of Tax Appeals the body of which stipulation reads as follows:

"Pursuant to Rule BTA-1-16, Rules of the Board of Tax Appeals, the parties hereby stipulate and agree as follows:

"1. That the appellant, Hoffman-La Roche, Inc., a New Jersey corporation, filed an application for a license to do business in the state of Ohio with the Secretary of State on or about September 28, 1951, and the application was duly granted.

"2. That Hoffman-La Roche, Inc., was licensed to do business in the state of Ohio during the period January 1, 1963 through December 31, 1966, and is at the date of the filing of this stipulation licensed to do business in the state of Ohio.

"3. That Roche Laboratories, hereinafter referred to, is not a separate corporation but is a division of Hoffman-La Roche, Inc.

"4. For the purposes of this statement a distinction will be made between the Chemical Division and the Roche Laboratories (pharmaceutical) Division of Hoffman-La Roche, Inc. (hereinafter called Roche). All of the numbers cited herein are approximate, based on actual statistical data available at the present time.

"5. The Chemical Division has three representatives who operate in Ohio and other states. None of these representatives reside in the state of Ohio. These men report to a Field Sales Manager who is located in Nutley, New Jersey. Any paperwork incident to their activities is taken care of by them in their own auto, a leased auto or their homes. Written reports prepared by these representatives are sent to their sales manager and to the Chemical Division's Administrative headquarters in Nutley, New Jersey.

"The function of these representatives is to call upon Roche customers; principally food, pharmaceutical and feed processors, other manufacturers using fine chemicals and certain distributors; maintaining contact and rapport with such customers while explaining the value, usages and available formulations of products from the Roche Chemical Division (principally vitamins and vitamin substances). It is not a principal function of these representatives to take orders for Roche products. Generally, orders are sent, by the customer, directly to a Roche warehouse or

manufacturing plant—in the case of Ohio customers these facilities are located in Skokie, Illinois; Delmar, Delaware or Nutley, New Jersey. Occasionally, however, a representative will transmit, as an accommodation, orders from the customers to Hoffman-La Roche, Inc.

"6. Roche Laboratories Division has 31 representatives who reside and work in Ohio or, in some cases (3), in Ohio and contiguous states. One representative resides in Kentucky and works in Ohio. The activities of these men are supervised by Division Managers. There are three Division Managers residing in Ohio, one of whom is also responsible for the activities of other representatives in contiguous states. The representatives and the Division Managers report to an administrative staff and a Regional Manager located in Nutley, New Jersey. Any paperwork incident to their activities is taken care of by them in their own auto, a leased auto or in their homes. Written reports prepared by these representatives are sent to the Roche Laboratories' administrative offices in Nutley, New Jersey. There is no system for submitting regular periodic reports to the Division Managers.

"The function of these representatives is to act in a promotional capacity contacting doctors, pharmacies, hospitals and wholesalers in Ohio to explain the therapeutic value, including indications and contraindications, and the availability of Roche pharmaceutical products. The wholesalers and some of the pharmacies and hospitals are direct-customers of Roche; others are customers of wholesalers to which Roche makes sales. Each of the wholesalers has its own field staff as well as office sales staff.

"It is not a principal function of Roche representatives to take orders for Roche products. Orders are sent, by the customer, directly to a Roche warehouse or manufacturing plant (Skokie, Illinois or Nutley, New Jersey) or to a wholesaler which is a direct customer of Roche. Occasionally, however, a representative will transmit, as an accommodation, orders from the customers to Roche or to wholesalers.

"7. In the case of sales to customers in Ohio by Hoff-

man-La Roche, Inc., all orders are accepted at, and all merchandise is shipped from, a facility outside the state of Ohio. No local representative is vested with authority to accept any orders. Those persons or organizations which are called on by Roche representatives are advised that they may refer questions, which can come up from time to time, to the Roche administrative headquarters in Nutley, the distribution warehouse in Skokie, Illinois or the Roche representative at his home.

"Roche does not maintain any inventories in the state of Ohio. The representatives may carry and dispense samples of Roche products. Samples are identified as such and legally cannot be sold. Roche does not consign merchandise to any individual or organization in Ohio nor does Roche lease merchandise to any individual or organization in Ohio. All prices, terms (including credit), returns and allowances are promulgated and approved by administrative personnel in Nutley, New Jersey.

"Roche does not own any real or tangible personal property, including cars, trucks and trailers, in the state of Ohio, except advertising and promotional materials and samples in the possession of field representatives. The representatives utilize automobiles leased by Roche for their use. Roche does not maintain any office or places of business in the state of Ohio.

"8. That Hoffman-La Roche, Inc., herewith concedes the correctness and legality of the assessment of the Ohio use taxes upon the materials charged to the following subaccounts:

*"Main Account*

    7061  Roche Laboratories Promotion
            *Subaccount*
            5650  Literature and Aids
            7220  Reprints
            7525  Samples—Convention
            7551  Samples—Representatives Unsolicited
            7951  Promotional Supplies

7075    Roche Laboratories Hospital Department
*Subaccount*
     5057    Hospital Promotion
7217    Fine Chemicals Promotion
*Subaccount*
     3160    Art and Production
7310    Aromatics Division
*Subaccount*
     5630    Literature
7339    Chemical Division-Pharmaceutical Promotion
*Subaccount*
     3160    Art and Production
7371    Chemical Division—Aromatics
*Subaccount*
     5630    Literature

but contests the correctness and legality of the Ohio use tax assessed upon the materials charged to all of the subaccounts not listed immediately above.

"9. That either party to this stipulation may present further evidence not inconsistent herewith at the hearing before the Board of Tax Appeals."

Subsequent to the hearing before the Board of Tax Appeals the parties presented a supplemental stipulation to the Board of Tax Appeals on December 21, 1967, setting forth in detail the various accounts on which appellant concedes the use tax to be due and the specific accounts on which appellant contests the assessment of use tax, together with the dollar amounts in each account and the use tax chargeable thereon for the particular tax year 1963-1966 involved.

The summary of this second stipulation sets forth in dollar amount the use tax chargeable on item 8 in the first stipulation which amount of use tax as conceded by appellant is $9,515.32.

The summary also sets forth in detail the various accounts which appellant does not concede to be taxable together with the dollar amount of use tax assessed thereon which dollar amount is $19,984.00.

The portion of the use tax assessment conceded by the appellant is the amount taxed on promotional literature and samples of appellant's products which appellant provided to its representatives for their distribution to customers or physicians in Ohio.

The portion of the use tax assessment which appellant contests was assessed on promotional material (both literature and drugs) which was forwarded by United States mail from outside the state of Ohio, directly to physicians or others in the state of Ohio, without charge to the addressee, and with no control by the appellant over the disposition of such mailed promotional material after delivery to the addressee by the postal authorities..

Section 5741.02, Revised Code, in pertinent part, reads as follows:

"For the use of the general revenue fund of the state, an excise tax is hereby levied on the storage, use or other consumption in this state of tangible personal property * * * *"

In *Miller Brewing Company* v. *Schneider*, Board of Tax Appeals, No. 52020 dated May 8, 1964, Board of Tax Appeals Journal, Vol. 112, Page 51, at Page 58, the Board of Tax Appeals, in its opinion, said:

"In the case now before us it is clear that the appellant, when it delivered the advertising material to a common carrier, or caused its supplier to deliver its material to a common carrier, consigned to the Ohio distributors, shipping charges prepaid, it relinquished all ownership, possession and control of said materials to the distributors at a point outside the state of Ohio and the transactions were, therefore, not subject to use tax against appellant under the provisions of Sections 5741.01 and 5741.02, Revised Code.

"We can find no statutory authority for the Tax Commissioner's contention that he has authority to levy a use tax against this out-of-state brewery on the advertising material here in issue for the reason that said advertising material was used by both the distributors and the appellant in a 'joint effort' to promote the sale of appellant's product. From the evidence it is clear that appellant

had neither title to nor possession of the advertising material in Ohio.''

The basis is even more clear cut in the instant case on the portion of the assessment under consideration since the recipients of the promotional material herein were not agents of the appellant but were physicians, entirely independent of any control by the appellant.

The fact that appellant is qualified to, and has a license to do business in Ohio, does not, of itself, impose any Ohio use tax liability. It is the decision of the Board of Tax Appeals that since the subject matter under consideration, upon which the use tax was assessed, and which subject matter was placed in the United States mail in a state other than Ohio for mailing as a gift to physicians in Ohio, and such promotional material was not stored, used or otherwise consumed by the appellant in the state of Ohio, that such promotional material is not subject to the Ohio use tax. As set forth in the stipulation of December 21, 1967, the use tax on that portion of the use tax assessment being contested, amounts to $19,984.00 and it is by that amount that the basic use tax assessment should be reduced.

Giving consideration to the stipulations, the testimony, evidence, case law, statutes and conclusions reached herein, it is therefore ordered that the final order of the Tax Commissioner be modified to the extent that the basic use tax assessment be reduced from $29,499.32 to $9,515.32 and as thus modified the final order of the Tax Commissioner should be and hereby is, affirmed, subject to the same terms and conditions as set forth in the final order of the Tax Commissioner.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

s/    Arthur W. Moore

Secretary

Mr. Zellar, dissents. Having dissented in the case of *Miller Brewing Co.* v. *Schneider*, BTA case No. 53903 (*sic*), decided September 14, 1964, I am impelled to also dissent in this case for the reasons contained therein and for those hereinafter mentioned.

The purchaser of give-away items is the consumer thereof and although he purchased the items from out-of-state, he selected the carrier and mode of transportation for shipment into this state and therefore retained title thereto until the agent designated by him made delivery to the donee.

Even if the contention of the appellant is correct, in that he had been divested of all ownership, possession, dominion or control of the items or materials when they came to rest in Ohio, or before, he is not exempt of use tax on these items as they were *used* and admittedly so, to promote, solicit and encourage the sales of its products in Ohio.

The definition of *use* in legal contemplation includes the exercise of any right or benefit incidental to ownership and appellant is the principal beneficiary resulting from the distribution in Ohio of these items. See Section 5741.01 (C), Revised Code, and *Miller Brewing* v. *Korshak* (1966), 219 N. E. 2d 494.